JUSTICE HUNT
delivered the Opinion of the Court.
Defendant and appellant, Michael Klihkhammer, appeals from the decision of the District Court of the Fourth Judicial District, Missoula County. Defendant was charged with driving under the influence of alcohol, second offense. Defendant’s motion to dismiss the charge was denied by the District Court. Following the court’s denial of his motion to dismiss, defendant entered a conditional plea of guilty to the charge. Defendant’s motion to dismiss the charge was based on his contention that his due process rights were violated in that he was not allowed to obtain an independent test to determine the amount of alcohol in his body. The State argued that he did not request such a test and that his due process rights were not violated. The District Court agreed with the State and denied defendant’s motion to dismiss. Defendant appeals. We affirm.
The only issue raised on appeal is whether the District Court was clearly erroneous in determining that defendant’s due process rights were not violated in relation to obtaining an independent test to determine the amount of alcohol concentration in his body.
In the early morning hours of June 23, 1991, defendant was stopped and arrested by a Missoula County Deputy Sheriff for driving under the influence of alcohol. Defendant was taken to the Missoula County Sheriff’s Office for processing. These proceedings were recorded by videotape.
*277 Upon arriving at the sheriffs office, the arresting officer explained to defendant Montana’s implied consent statute found at Section 61-8-402, MCA. The officer explained that if defendant refused to submit to a test at that time to determine the concentration of alcohol in his body, the officer would be required to seize his driver’s license. Additionally, the arresting officer informed defendant that in addition to the test being offered at that time, defendant could obtain an independent test at his own expense. Defendant was reluctant to take the offered test and requested instead that a test be administered by his doctor. As the videotape recording of these proceedings indicates, defendant apparently misunderstood the implied consent law as it was explained to him and believed that he could refuse the test being offered by the officer, but still keep his license by obtaining an independent test on his own. The officer explained several times to defendant that the independent test could be obtained in addition to the offered test, but that refusal of the offered test would result in the immediate seizure of his driver’s license, regardless of any independent test defendant might later take. Once defendant understood that his refusal to take the offered test would result in the immediate seizure of his driver’s license, he consented to take the offered test.
Following the administration of the breath test by the officer, the videotape recording indicates that defendant did not request an independent test in addition to the administered test. There is no allegation that defendant requested an independent test at any time subsequent to the conclusion of the videotape recording. Defendant was released from jail on bond between 5 and 6 a.m., approximately two to three hours after taking the intoxilyzer test.
Defendant, representing himself, was found guilty by a jury in Justice Court of the offense charged. Defendant appealed to the District Court. In District Court, defendant, as he had done in Justice Court, moved to dismiss the driving under the influence charge. The basis for this motion was defendant’s contention that his due process rights had been violated when he was not given an independent test to determine the alcohol level in his body at the time of the arrest. The issue was briefed by the parties and it was stipulated that the District Court would decide the motion based on the briefs and the videotape recording. The District Court denied the defendant’s motion on the basis that defendant had not made a timely request for an independent test. Defendant then entered a conditional plea of guilty to the offense charged, pursuant to Section 46-12-204(3), MCA. Thereafter, defendant filed his notice of appeal with this Court.
*278 Was the District Court clearly erroneous in determining that defendant’s due process rights were not violated in relation to obtaining an independent test to determine the amount of alcohol concentration in his body?
Defendant’s due process argument rests on his allegation that during his processing by the arresting officer he requested, but was not allowed to obtain, an independent test. The District Court found that defendant did not request an independent test, and therefore, his due process rights were not violated. Our standard of review of factual findings in nonjury criminal cases as to the elements of the crime charged is “whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” State v. Bower (Mont. 1992), 833 P.2d 1106, 1110, 49 St. Rep. 586, 588. However, a district court’s factual findings on other issues in criminal proceedings will be reviewed using the clearly erroneous standard. State v. Cope (1991), 250 Mont. 387, 819 P.2d 1280. The clearly erroneous standard is the appropriate standard of review in this case.
Defendant alleges that he requested an independent test at the time of his processing on the driving under the influence charge. Defendant further contends that upon his release, several hours after the test administered by the officer, it was too late for him to obtain an independent test on his own. Section 61-8-405(2), MCA, provides that in addition to the test offered to a defendant by the law enforcement officer:
The person may, at his own expense, have a physician or registered muse of his own choosing administer a test, in addition to any administered at the direction of a peace officer, for the purpose of determining any measured amount or detected presence of alcohol in the person at the time alleged, as shown by analysis of his blood, breath, or urine. The failure or inability to obtain an additional test by a person does not preclude the admissibility in evidence of the test taken at the direction of the peace officer.
This Court discussed the application of Section 61-8-405, MCA, in our recent decision in State v. Swanson (1986), 222 Mont. 357, 722 P.2d 1155. We recognized that the right to attempt to obtain exculpatory evidence is constitutionally guaranteed to criminal defendants. Swanson, 722 P.2d at 1157. When a defendant is charged with the offense of driving under the influence, this right to obtain exculpatory evidence includes the right to obtain an independent test to *279 establish sobriety, even if the defendant has refused the test offered by a peace officer. Swanson, 722 R2d at 1157.
However, the mere fact that an independent test is not obtained is not a violation of a defendant’s due process rights. The riile set out in Swanson was clarified in State v. Peterson (1987), 227 Mont. 418, 739 P.2d 958. In Peterson, we stated that the rule adopted in Swanson only applies when “(1) the defendant has timely claimed the right to a blood test, and (2) the officer or officers do not unreasonably impede the defendant’s right to obtain a blood test.” Peterson, 739 P.2d at 961. Both criteria must be satisfied in order to support an allegation of a violation of a defendant’s due process rights. The Swanson rule will not apply if the defendant either fails to timely request the test, or the test is unavailable through no unreasonable acts of law enforcement.
The District Court Judge determined, after viewing the videotape recording, that the defendant did not timely request the right to an independent test. It is clear upon reviewing the videotape that defendant did request that a physician of his choice administer a test. However, defendant did not appear to be requesting an independent test as provided for in Section 61-8-405(2), MCA, but was instead requesting that his physician administer the test necessary under Section 61-8-402, MCA, to avoid seizure of his driver’s license. After several attempts, the officer was able to com rm mi cate to defendant that if the offered test was not taken, defendant’s driver’s license would be seized. Once defendant understood that he could not have a physician of his own choice administer the test under Section 61-8-402, MCA, he consented to take the offered test and did not request an independent test of his own.
On appeal, defendant refers in his reply brief to several statements made by the arresting officer which he argues demonstrate that a request had been made for an independent test. These statements indicate that the officer informed defendant that at his request he would be taken to the hospital for a test, or that he could phone a physician. These statements are merely a recitation of the law which the officer was required to explain to defendant. The statements only show that it was explained to defendant that an independent test would be available if he requested one. The statements do not show that defendant had in fact requested such a test. We hold that the District Court was not clearly erroneous in determining that defendant did not timely request a test, and therefore, his due process rights were not violated.
*280 Affirmed.
JUSTICES GRAY, McDONOUGH, and WEBER concur.