JUSTICE LEAPHART
delivered the Opinion of the Court.
Appellant Dennis Strand (Strand) appeals from the final judgment and order of the Eleventh Judicial District Court, Flathead County. The District Court accepted Strand’s conditional plea of guilty to the charge of driving under the influence of alcohol and sentenced him to 60 days in jail, all but one suspended, upon certain conditions, including his payment of a $350 fine. We reverse and remand.
Strand raises two issues on appeal. We determine that issue 1 is dispositive and, therefore, we need not address issue 2. Therefore, we address whether Strand’s due process rights were violated when the *124 arresting officers failed to inform him that he had the right to obtain an independent blood test.
Factual and Procedural Background
In April 1995, Strand was stopped by two officers of the Kalispell Police Department on suspicion of driving under the influence of alcohol. The officers noted that Strand had slurred speech, bloodshot eyes, and smelled of alcohol. Strand had to lean against his vehicle for balance, could not recite the alphabet correctly, and had difficulty following instructions. The officers arrested Strand for driving under the influence of alcohol.
At the Kalispell Police Department, one of the officers said to Strand, “I need you to take a breath test.” Strand consented and submitted to the BAC test. The results indicated that Strand had a BAC of .215. Pursuant to the express policy of the Kalispell Police Department, officers read the implied consent advisory form only when the arrested person first refuses to submit to a BAC test. Because Strand consented to the test, neither officer read Strand an implied consent advisory form before asking him to submit to the test or before administering the test. Thus, Strand was not advised that he could obtain an independent blood test for the purpose of determining his blood alcohol concentration.
Strand was charged in the Kalispell City Court with driving under the influence of alcohol, a misdemeanor. Subsequently, he filed a motion to dismiss, arguing that the State had violated his right to due process under the U.S. and Montana constitutions by failing to inform him that he had a right to obtain an independent blood test. The City Court held that Strand’s due process rights were violated because he was not advised of his right to obtain an independent blood test and he did not knowingly and voluntarily agree to take a BAC test. The City appealed to the District Court. Strand again filed a motion to dismiss; however, the District Court denied the motion and accepted Strand’s conditional plea of guilty to the charge of driving under the influence of alcohol.
Standard of Review
The issue of whether Strand’s due process rights were violated is a question of law. This Court’s standard of review of a district court’s conclusions of law is whether the court’s interpretation of the law is correct. State v. Miller (1996), 278 Mont. 231, 233, 924 P.2d 690, *125 691; Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.
Discussion
I
Every person who operates a motor vehicle in the state of Montana has impliedly consented to submit to a blood or breath test for the purpose of determining the presence or amount of alcohol or drugs in the body. Section 61-8-402(1), MCA. If a person refuses to submit to the test designated by the arresting officer, “a test may not be given, but the officer shall, on behalf of the department, immediately seize the person’s driver’s license.” Section 61-8-402(4), MCA (1993). In addition to the test administered at the direction of the officer, a person may obtain an independent test for determining any measured amount or detected presence of alcohol in the person’s system. Section 61-8-405(2), MCA. The right to obtain an independent blood test is both statutory and required by due process. See § 61-8-405(2), MCA; State v. Swanson (1986), 222 Mont. 357, 722 P.2d 1155.
The Kalispell Police Department uses an implied consent advisory form to explain the substance of Montana’s implied consent statutes to the accused. However, the express policy of the department requires that officers not read the form unless or until the accused refuses to submit to the test designated by the officer. If the accused agrees to submit to the test, the officers do not read the consent form, and the accused is never informed of his or her right to obtain an independent blood test. In this case, the arresting officer told Strand that he “needed” him to take a BAC test, and Strand immediately agreed. Thus, at no time was Strand read an implied consent advisory form or otherwise made aware of the implied consent laws of Montana.
Strand argues that the State violated his right to due process of law. He contends that by adopting a procedure by which he was not informed of his right to obtain an independent blood test unless he refused the officer’s test, the Kalispell Police Department, through its rules and regulations, denied him his right to obtain exculpatory evidence in direct contravention of this Court’s holding in State v. Swanson (1986), 222 Mont. 357, 722 P.2d 1155. The State argues that Swanson did not create an affirmative duty to inform a defendant of his statutorily-created right to obtain an independent test and that the officers’ failure to do so did not amount to a violation of due process.
In Swanson, the defendant refused to submit to a breath test, as requested by the arresting officer, but asked to be taken to the *126 hospital for a blood test. Swanson, 722 P.2d at 1156. After blood was drawn, the officer gave the sample to the defendant, informed him that it was his responsibility to have the sample analyzed, and took the defendant to the police station. Swanson, 722 P.2d at 1156. During booking, the sample was taken from the defendant with the rest of his personal belongings and left on a counter in the booking room for two days. Since the blood sample was not properly refrigerated, it could not be analyzed, and the defendant’s BAC was never determined. Swanson, 722 P.2d at 1156.
On appeal, the defendant argued that he was denied due process because the State had deprived him of a reasonable opportunity to gather exculpatory evidence. Swanson, 722 P.2d at 1157. This Court held that an accused has a constitutional due process right to obtain exculpatory evidence. Swanson, 722 P.2d at 1157. Further, we held that when a crime involves intoxication, the right to gather exculpatory evidence includes “a right to obtain a sobriety test independent of that offered by the arresting officer,” regardless of whether the accused agrees to submit to the officer’s test. Swanson, 722 P.2d at 1157. We determined that the defendant’s blood sample was taken from him as part of a routine inventory search and held that “[w]hile the police have no duty to assist an accused in obtaining independent evidence of sobriety, they cannot frustrate such an effort through either affirmative acts or their rules and regulations.” Swanson, 722 P.2d at 1158.
We agree with the State that this Court’s holding in Swanson did not go so far as to create an affirmative duty to inform an accused of his right to an independent blood test. Rather, this Court recognized that an accused has a constitutional due process right to obtain exculpatory evidence and held that the State cannot act in a manner or adopt any procedure that frustrates this effort. We now take the next step and hold that due process requires that the arresting officer inform the accused of his or her right to obtain an independent blood test, regardless of whether the accused consents to the test designated by the officer.
While some citizens of Montana may be aware of the obligation they undertake by driving — to consent tó a blood or breath alcohol test or forfeit their licenses — most are not aware of their corresponding right to obtain an independent blood test. Because of the evanescent character of blood alcohol evidence, the decision to obtain an independent test must be made in a timely fashion. Montano v. Superior Court (Ariz. 1986), 719 P.2d 271, 275. Therefore, unless the *127 defendant is apprised of this right while the blood can still be analyzed, the right is rendered meaningless.
The accused must be informed of the right to obtain an independent blood test at the time of the arrest. A person accused of driving under the influence of alcohol does not have a right to counsel before submitting to a BAC test and, therefore, is foreclosed from conferring with counsel about his or her rights and duties under Montana’s implied consent laws until after consent to the test has been given or withheld. State v. Armfield (1984), 214 Mont. 229, 693 P.2d 1226. Therefore, the arresting officer is the only person in a position to inform the defendant of this right, and we now hold that the officer has an affirmative duty to do so.
The current policy of the Kalispell Police Department is to read an implied consent advisory form to an accused only if he or she has refused to submit to a BAC test. Although the substance of the implied consent advisory form is not before us, the State concedes that had Strand been read this form, he would have been advised of his right to obtain an independent blood alcohol test. The State admits that:
it would have been preferable for the officer to read Strand the contents of the implied consent statutes even though Strand immediately agreed to submit to the breath test when the officer said: “I need you to take, a breath test.” If the officer had read the contents of the statutes, he undoubtedly would have informed Stand of his right to obtain an independent test at his own expense.
We determine that it is not only preferable for the officer to advise all persons who have been arrested for driving under the influence of their right to obtain an independent blood test, but also required by due process. Before a person can make an intelligent decision as to whether to request an independent blood test, he or she must first be made aware that such a test is an option.
II
Having determined that Strand’s due process rights were violated, we must determine the appropriate remedy for this violation. Strand urges us to reverse the District Court’s denial of his motion to dismiss. The State argues that the more appropriate remedy is to suppress the results of the BAC test. We agree with the State that the appropriate remedy is to suppress the results of the BAC test, which were obtained without first advising Strand of his right to an independent blood test.
*128 As discussed in issue one, Montana’s implied consent statutes set forth the obligations of a person operating a motor vehicle in this state and that person’s corresponding rights. See §§ 61-8-401 through-422, MCA. The dissent questions the wisdom of suppressing the BAC test results because they were not obtained illegally. However, breathalyzer evidence is unlike most other evidence in that the State’s rights to obtain such evidence and to suspend the person’s license if he or she refuses the test are derived from statutes, the implied consent law. See §§ 61-8-401 through -422, MCA. That same statutory scheme provides that an accused has a corresponding right to obtain an independent blood test. Section 61-8-405(2), MCA. Fairness thus dictates that the State not be allowed to utilize scientific evidence of intoxication (i.e., tests of a person’s blood or breath) if, through omission of the State, the accused is not advised of the right to obtain his or her own scientific evidence of blood alcohol concentration. Juries give great weight to the results of BAC tests, and, thus, “the state cannot be allowed to use evidence which the defendant is unable to rebut because [he] was not apprised of [his] right to independent testing.” State v. Turpin (Wash. 1980), 620 P.2d 990, 993.
The dissent argues that although Strand’s rights were violated when the officers failed to advise him of his right to obtain an independent blood test, no prejudice resulted because Strand did not challenge the evidence of the officers’ observations, the results of the field sobriety tests, or the BAC test results, all of which indicated that Strand was intoxicated. This argument assumes that the sole value of an independent blood test is to rebut the State’s evidence. While a blood test may certainly have potential as rebuttal-type evidence, it can also have independent value as compelling scientific evidence, regardless of the evidence introduced by the State.
In other words, it is entirely possible that despite his choosing not to challenge the officers’ observations as to breath, eyes, and gait or the results of field sobriety tests, a defendant might produce a blood test conclusively showing that his blood alcohol concentration was below the legal limit. Irrespective of whether Strand challenged the State’s evidence, he was prejudiced when the officer failed to advise him of his right to obtain potentially exculpatory evidence. Thus, we determine that Strand must be given the opportunity for a new trial without the BAC test results.
We recognize that in Swanson, 722 P.2d at 1158, this Court held that “ [dismissal of the case with prejudice is the appropriate remedy because the State’s action precluded a fair trial by preventing Swan *129 son from gathering exculpatory evidence.” However, that case differs factually from the instant case and can be distinguished. Unlike Strand, Swanson had refused to take the BAC test. Swanson, 722 P.2d at 1156. The State did not obtain any scientific evidence of intoxication, and, thus, there was no such evidence to suppress. However, in cases in which the State succeeds in obtaining a blood or breath test pursuant to the implied consent law, the appropriate remedy for the State’s failure to advise an accused of the corresponding right to obtain an independent blood test is to suppress the results of the State’s test. It should be noted that our rationale for suppressing the BAC test results has no application outside the context of a statutory scheme granting both the State and the defendant corresponding rights to obtain a specific form of evidence.
The dissent also notes that § 61-8-405(2), MCA (1993), provides that a person’s failure or inability to obtain an additional blood test “does not preclude the admissibility in evidence of the test or tests taken at the direction of a peace officer.” We find that this provision is applicable only where the defendant’s failure or inability to obtain a blood test was not the result of an action or omission by the State.
For the above-stated reasons, we reverse the decision of the District Court, order the results of the BAC test suppressed, and remand for a new trial.
JUSTICES HUNT, REGNIER and TRIEWEILER concur.