JUSTICE COTTER
dissents.
¶26 In State v. Sidmore (1997), 286 Mont. 218, 951 P.2d 558, we specifically stated that in order to support an allegation of a violation of a defendant’s due process rights, two criteria must be met. First, the defendant must have timely claimed the right to an independent blood test. Second, a law enforcement officer must have “... unreasonably impeded the defendant’s right to obtain an independent blood test.” Sidmore, 286 Mont. at 234-35, 951 P.2d at 568-69. In my judgment, neither of these criteria have been satisfied here.
¶27 First, the Court admits that Minkoff did not timely claim the right to an independent blood test. The majority escapes the application of this criteria, however, by saying that the time had not passed within which Minkoff could have timely requested the test under the Sidmore criterion. To my mind, the time frame is irrelevant. The cases upon which Sidmore is predicated clearly contemplate both that the defendant make a request for the right to have a blood test, and that an officer then unreasonably impede that right. The officer in this case did not impede an asserted right, because when Minkoff solicited the officer’s advice, he had not yet decided whether he wanted to take a blood test or not. In other words, the officer could not have impeded a right not yet asserted.
¶28 In Sidmore, we made it clem- that the right must both be asserted and then impéded. We said:
Accordingly, to clarify our rule in Swanson that one accused of a crime involving intoxication is entitled to obtain an independent blood test, we hold that the rule applies only when (1) the defendant has timely claimed the right to an independent blood test, and (2) a law enforcement officer has unreasonably impeded the defendant’s right to obtain an independent blood test. Both criteria must be satisfied in order to support an allegation of a violation of a defendant’s due process rights. The Swanson rule will not apply if the defendant either fails to timely request the independent blood test, or the independent blood test is unavailable through no unreasonable acts of law enforcement.
Sidmore, 286 Mont. 234-35, 951 P.2d 568-69. If we were to properly follow the clear rule announced in Sidmore, our inquiry would end *256 once we determined that the defendant never timely claimed the right to an independent blood test. We would never reach the second criterion.
¶29 Moreover, I find it significant that the facts were starkly different in the Lau case, upon which the majority relies for the ultimate conclusion it reaches here. Lau was given a “notice of right to independent test” form following his arrest, and specifically indicated thereon that he chose to have blood drawn for a test at his own expense. Lau followed this written assertion of his right with a verbal assertion of the right, and in response, the State arranged to summon a nurse to draw Lau’s blood. It was not until after the nurse was summoned that Lau changed his mind, as a result of the informal conversations he had with a police officer. So, the first criterion of our Sidmore test was unequivocally met in Lau, whereas it was not met here.
¶30 Second, whatever Minkoff read into the police officer’s statements made to him, the officer did not “unreasonably impede” MinkofTs right to obtain an independent blood test, as the second criterion of Sidmore requires.
¶31 The Court here concedes that the Sidmore Court clarified the “Swanson rule,” established in the case of State v. Swanson (1986), 222 Mont. 357, 722 P.2d 1155. In Swanson, we concluded that the State interfered with Swanson’s attempt to obtain and utilize an independent blood test after he was charged with driving under the influence of alcohol. We noted in Swanson that, after Swanson requested that a blood sample be taken, he was transported to the hospital for those purposes. However, after he was returned to the sheriffs office, the blood sample, clearly marked “keep refrigerated,” was left unrefrigerated for two days, resulting in its questionable validity. As a result, the sample was never analyzed, depriving Swanson of potential exculpatory evidence. We concluded that since the State’s conduct precluded Swanson from gathering exculpatory evidence, dismissal of his case was appropriate. In answering the question of whether the State had interfered with Swanson’s attempt to obtain his independent test, we relied upon the California Supreme Court case, In re Martin (Cal. 1962), 374 P.2d 801. The California Supreme Court concluded in Martin that duly constituted authorities could not hamper or interfere with a defendant’s efforts to obtain a sampling of his own blood. The court said:
We are persuaded to such conclusion in any instance where the conduct of the authorities, whether through affirmative action or by the imposition of their rules and regulations, imposes any *257 material obstacle in the path of the accused.
Martin, 374 P.2d at 803. In Swanson, we concluded that abdicating their responsibility to put the blood sample in safe keeping was such an obstacle.
¶32 Here, the State took no affirmative action. Nor did it impose any “material obstacle” in MinkofFs path. The State did not deny Minkoff his right to take a blood test (State, City of Bozeman v. Peterson (1987), 227 Mont. 418, 739 P.2d 958, overruled on other grounds by State v. Waters, 1999 MT 229, 296 Mont. 101, 987 P.2d 1142); nor did the State advise Minkoff he could take a blood test and then refuse to take him to the hospital (City of Whitefish v. Pinson (1995), 271 Mont. 170, 895 P.2d 610); or invalidate the results of the blood test by its carelessness (Swanson). Minkoff was specifically advised that he had the right to have a doctor or nurse administer an independent test for alcohol at his own expense. Upon hearing this, the colloquy set forth at ¶ 4 of the majority Opinion took place. The officer initially declined to give his opinion on the advisability of taking a blood test until after he was prodded to do so by Minkoff. The officer did not, however, take affirmative action or impose a material obstacle to the taking of the test.
¶33 Construing the police officer’s solicited comment to Minkoff as an “unreasonable impediment” to MinkofFs right to obtain an independent blood test completely eviscerates the rule we announced in Swanson and subsequently implemented in Peterson, Pinson, Sidmore, and other cases too numerous to mention. I believe that, without saying so, we have effectively overruled State v. Sidmore and the substantial body of case law upon which Sidmore relies. I would follow the letter and spirt of Peterson, Swanson and Sidmore, and conclude that the District Court did not err in refusing to dismiss the charges against Minkoff. I would accordingly have reached the remaining issues raised by Minkoff in his appeal.
JUSTICE LEAPHART joins in the foregoing dissent.