No. 02-247

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 314

MARVIN L. CUTLER,

        Plaintiff and Appellant,

    v.

JIM GILMAN EXCAVATING, INC., a Montana
Corporation, ANACONDA-DEER LODGE COUNTY,
a Political Subdivision of the State of Montana, JOSEPH
A. GUIBERSON, Night Shift Commander, and DANIEL
BLUME, Law Enforcement Officer, and individually,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Third Judicial District,
In and for the County of Anaconda-Deer Lodge, Cause No. DV-98-71
The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            John C. Doubek, Small, Hatch, Doubek & Pyfer, Jack Scanlon, Attorney at
            Law, Helena, Montana

        For Respondents:

            Allen B. Chronister, Chronister, Moreen & Larson, P.C., Helena, Montana,
            Thomas M. Welsch, Poore, Roth & Robinson, Butte, Montana, William M.
            O'Leary, Corette, Pohlman & Kebe, Butte, Montana

Submitted on Briefs:  January 30, 2003

Decided: November 18, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Appellant Marvin Cutler was injured in a single vehicle accident near Anaconda, Montana. As a result, Cutler filed a complaint against Respondents Jim Gilman Excavating, Inc., Anaconda-Deer Lodge County, Joseph Guiberson and Daniel Blume in the Third Judicial District Court, Anaconda-Deer Lodge County. The case proceeded to trial, and the jury returned a verdict in favor of the Respondents. Cutler appeals. We reverse and remand for a new trial.

¶2 Although Cutler raised multiple issues on appeal, the sole issue we consider and find determinative is the following:

¶3 Did the District Court abuse its discretion when it instructed the jury on comparative negligence?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On July 2, 1994, Marvin Cutler was involved in a single vehicle rollover accident near Anaconda, Montana, during which he suffered a broken neck. Cutler's vehicle eventually came to rest in the median, and he exited through a window. Leslie Yother came upon the scene and spoke with Cutler. While he was speaking with Cutler, another passerby stopped near Cutler's vehicle. Yother asked the passerby to call 911.

¶5 Anaconda-Deer Lodge County (the County) dispatched law enforcement officers and an ambulance to the accident scene. Officers Joseph Guiberson and Daniel Blume were the first officers to respond to the dispatch. After surveying the accident scene, the Officers spoke with Cutler. Officer Guiberson noticed that Cutler was injured and advised him that

2

he could sit in the patrol car and wait for an ambulance. Cutler entered the patrol car and sat in the back seat. Several minutes later an ambulance arrived and transported him to the hospital in Anaconda.

¶6    Cutler maintains that upon their arrival at the accident scene, the Officers forced him to undergo a field sobriety test. Cutler further contends that during the test he fell twice, after which he was handcuffed by the Officers and forced into their patrol car. Cutler also alleges that when the ambulance personnel arrived, they were unable to remove him from the patrol car, so he removed himself. Cutler then asserts that he fell for a third time, after which one of the Officers twisted his arms around to remove the handcuffs. Finally, Cutler maintains that the above actions of the Officers and ambulance personnel aggravated the injury he suffered to his neck.

¶7    At the time of the accident, Cutler was intoxicated. He pled guilty to driving under the influence of alcohol, in violation of § 61-8-401, MCA (1993), on August 30, 1994.

¶8    On May 15, 1996, Cutler filed a complaint in United States District Court. Cutler's complaint alleged that, pursuant to 42 U.S.C. § 1983, he was entitled to monetary damages from the County and from Officers Guiberson and Blume because: (1) the Officers used excessive force in dealing with him; (2) the Officers failed to provide him with appropriate medical care at the accident scene; and (3) the County had improperly trained its personnel. Cutler's complaint also advanced claims of negligence, assault, battery, and intentional infliction of emotional distress against the County and against the Officers as individuals.[1]

_____

[1]Cutler's complaint also asserted claims against Jim Gilman Excavating, Inc. (for negligently leaving gravel on the roadway) and James A. Sedminik d/b/a the Mill Bar (for

¶9     The County and Officers Guiberson and Blume (hereinafter referred to as the Respondents) filed motions for summary judgment on Cutler's complaint. The United States District Court granted the Respondents' motions with respect to Cutler's § 1983 claims. The District Court then dismissed Cutler's remaining State tort claims without prejudice. Cutler appealed the United States District Court's decision regarding his § 1983 claims to the Ninth Circuit Court of Appeals. The Ninth Circuit Court affirmed the District Court on September 3, 1999.

¶10     Cutler filed his tort claims in Montana State District Court on June 3, 1998. Cutler proceeded to trial against the Respondents on November 13, 2001. The jury returned a verdict in favor the Respondents on November 16, 2001. Cutler filed a timely appeal.

## STANDARD OF REVIEW

¶11     A district court has broad discretion to decide whether to give or refuse a party's proposed jury instruction. Therefore, we review jury instructions in a civil case for an abuse of discretion. *Federated Mut. Ins. Co. v. Anderson*, 1999 MT 288, ¶ 44, 297 Mont. 33, ¶ 44, 991 P.2d 915, ¶ 44. In reviewing whether a particular jury instruction was properly given or refused, this Court must consider the instruction in its entirety, as well as in connection with the other instructions given and with the evidence introduced at trial. *Federated*, ¶ 44.

## DISCUSSION

¶12     Did the District Court abuse its discretion when it instructed the jury on comparative negligence?

---

negligently serving him alcohol when he was intoxicated); however these claims were settled prior to trial.

4

¶13    In this case, the issue before the jury was whether the Respondents were negligent in their treatment of Cutler on July 2, 1994. Specifically, Cutler asserted that the Respondents treated him in a manner that aggravated his injuries. The Respondents countered that because Cutler was driving while under the influence of alcohol, his injuries were the result of his own negligence.

¶14    On appeal, Cutler maintains that his intoxication was irrelevant to the question of whether the Respondents were negligent in their treatment of him at the accident scene. Therefore, Cutler contends that the District Court improperly instructed the jury on comparative negligence at trial.

¶15    The following comparative negligence instructions were given to the jury:

> No. 17: The Defendants claim that Plaintiff Cutler's injuries resulted from his own negligence. As to this defense, the Defendants have the burden of proving the following:
>
>     1. That Plaintiff Cutler was negligent; and
>
>     2. That his negligence was a cause of his injuries.
>
> No. 39: Negligence on the part of Plaintiff Cutler does not bar his recovery unless his negligence was greater than the combined negligence of the Defendants. However, the total amount of damages that Plaintiff Cutler would otherwise be entitled to recover will be reduced by the court in proportion to the amount of negligence you attribute to him.

¶16    This Court addressed a nearly identical situation in *Harding v. Deiss*, 2000 MT 169, 300 Mont. 312, 3 P.3d 1286. In *Harding*, Candice Shuck went horseback riding near Anaconda. Prior to her riding session, Candice was aware that she was allergic to horses, and that she had asthma and a long history of breathing difficulties. *Harding*, ¶ 3. During

5

the ride, Candice experienced breathing problems and eventually collapsed. She was transported to the hospital in Anaconda and placed under the care of Dr. Zachory Deiss. The following day Candice was transported to a hospital in Butte, Montana and placed under the care of Dr. Glenn Sublette. She died several days later. *Harding*, ¶ 3.

¶17 Candice's mother brought a wrongful death and survivor action against Dr. Deiss and Dr. Sublette, in which she alleged that the Doctors were negligent in their treatment of Candice. The Doctors argued that because Candice's asthma attack caused her to suffer a severe brain injury, it was her own negligence (in choosing to go horseback riding) that caused her death. The jury returned a verdict in favor of the Doctors. *Harding*, ¶¶ 4, 6. On appeal, Candice's mother argued that the issue of whether Candice was negligent should not have been submitted to the jury, as Candice's conduct before she was rendered unconscious was irrelevant to whether the Doctors were later negligent in her medical care. *Harding*, ¶ 7.

¶18 The District Court in *Harding* gave two jury instructions (numbered 11 and 12) that related to comparative negligence. *Harding*, ¶ 7. Instructions 11 and 12 were identical in substance to Instructions 17 and 39 in the instant case. We considered Instructions 11 and 12 and concluded that:

[C]omparative negligence as a defense does not apply where a patient's pre-treatment behavior merely furnishes the need for care or treatment which later becomes the subject of a malpractice claim. . . . Acceptance of [the Doctors'] argument (that Candice's act of riding a horse while having asthma is a negligent act which should be offset against any negligent act by [the Doctors] in her treatment) would lead to an absurd result. Under such a theory, in any case where the patient was responsible for events that led to her hospitalization, the treating physician would not be liable for negligent treatment. **We hold that in medical malpractice actions, jury instructions on a patient's comparative negligence are appropriate only where the patient's negligent conduct occurs contemporaneous with or subsequent to treatment.** We conclude that because Candice's allegedly negligent acts were pre-treatment conduct, the District Court's issuance of jury instructions on comparative negligence was an abuse of discretion. [Emphasis added.]

*Harding*, ¶ 16.

¶19 In this case, Cutler's allegedly negligent conduct (of driving while under the influence of alcohol) clearly occurred prior to the Respondents' treatment of him at the accident scene. Although this is not, strictly speaking, a medical malpractice case (Cutler alleges the Officers assaulted him in their attempts to test him for intoxication, and that the ambulance personnel failed to render careful treatment of him given his injuries), it is nonetheless analogous to *Harding*. Here, the pre-treatment accident simply furnished the need for the subsequent attention of the police and ambulance personnel. Therefore, pursuant to *Harding*, jury instructions on comparative negligence were inappropriate in the instant situation. Accordingly, we hold the District Court abused its discretion when it issued Jury Instructions 17 and 39 at Cutler's trial.

¶20 Aggravating matters, the District Court also gave the following two jury instructions pertaining to Cutler's conduct prior to the accident:

7

No. 18: Montana law provides that it is a criminal act for a person who is under the influence of alcohol to drive a vehicle on the highways of this state. Plaintiff Cutler was intoxicated at the time of the accident, and his blood alcohol level an hour after the accident was .202. You are instructed that such conduct by Plaintiff Cutler was negligent as a matter of law. Plaintiff's negligence does not affect his ability to recover unless it caused, or was a substantial factor in causing, his injury.

No. 19: Every person operating or driving a vehicle of any character on a public highway of this state shall drive it in a careful and prudent manner, and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and he shall drive it so as not to unduly or unreasonably endanger the life, limb, property, or rights of a person entitled to the use of the street or highway.

These instructions further focused the jury on Cutler's pre-treatment conduct; in fact, the last sentence in Instruction 18 states that Cutler's negligence could prevent his ability to recover if such negligence caused, or was a substantial factor in causing, his injuries. As we noted above, such instructions relating to Cutler's pre-treatment conduct are inappropriate in the instant situation. *See Harding*, ¶ 16. Therefore, the District Court also abused its discretion when it tendered Instructions 18 and 19 to the jury.

¶21    The result reached here does not prevent the Respondents from arguing that the injuries of which Cutler complains were sustained in his accident as opposed to afterwards and at their hands. The jury may consider a properly framed causation argument and jury instructions to this effect. It is the coupling of the cause of Cutler's injuries *to the issue of his comparative fault* that is impermissible.

¶22 As a final matter, we note that Cutler's opening brief presented nine other issues relating to the District Court proceedings in this case. Cutler then withdrew two of these issues in his reply brief, leaving seven additional issues on appeal before this Court. We decline to address these seven issues. Because this case has been remanded for a new trial, three of Cutler's ancillary issues are moot. His four remaining issues were presented without proper support. Rule 23(a)(4), M.R.App.P., requires that an appellant provide an argument that contains "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." We have repeatedly held that "we will not consider unsupported issues or arguments." *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32. It is "not this Court's obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal." *In re B. P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41. Cutler failed to bolster his four remaining issues with argument and supporting authority relevant to his claims. As such, we decline to address the four remaining issues contained in Cutler's opening brief.

¶23 Accordingly, we reverse and remand for a new trial.

/S/ PATRICIA COTTER

We Concur:

/S/ W. WILLIAM LEAPHART

9

/S/ JAMES C. NELSON

/S/ JIM REGNIER