DA 06-0193

FILED

October 22 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 273N

STATE OF MONTANA,

   Plaintiff and Appellee,

  v.

ALAN R. SCHOONOVER,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Twenty-First Judicial District,
       In and For the County of Ravalli, Cause No. DC-99-120
       Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Alan Schoonover, Pro Se; Deer Lodge, Montana

   For Appellee:

   The Honorable Mike McGrath, Attorney General; Pamela P. Collins
   Assistant Attorney General, Helena, Montana

   George Corn, Ravalli County Attorney, Hamilton, Montana

          Submitted on Briefs: February 14, 2007

              Decided: October 22, 2007

Filed:

        _____
            Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Alan R. Schoonover appeals from the order of the Twenty-First Judicial District Court, Ravalli County, denying his motion to withdraw his no contest pleas. We affirm.

¶3 The issue is whether the District Court erred in denying Schoonover's motion.

## BACKGROUND

¶4 In December of 1999, the State of Montana charged Schoonover by information with four offenses and, in July of 2000, Schoonover pled no contest to two charges of felony incest and a misdemeanor charge of partner or family member assault. Pursuant to an "open" plea agreement that did not set forth a sentencing recommendation, the State dismissed a felony charge of assault with a weapon. The District Court accepted Schoonover's no contest pleas at a hearing after determining a factual basis for the pleas existed and Schoonover pled knowingly, voluntarily and intelligently. The court entered judgment, and sentenced Schoonover to two consecutive life terms of imprisonment for the felony charges and one year in the Ravalli County Detention Center for the misdemeanor charge, to run concurrently with the consecutive life sentences.

¶5 Schoonover filed a notice of appeal. In our cause number 01-248, Schoonover's

appointed counsel filed a motion to withdraw pursuant to § 46-8-103, MCA, and *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), together with an *Anders* brief. Schoonover responded, and we granted counsel's motion to withdraw and dismissed the appeal in October of 2001. In 2002, Schoonover filed another appeal, which we also dismissed.

¶6 Observing Schoonover had filed seven motions, the District Court entered an order on June 9, 2003. Noting that time limits and statutory requirements apply to several requests for relief by convicted defendants and that Schoonover's motions indicated he primarily sought to withdraw his pleas, the court directed Schoonover to consider filing a motion to withdraw his pleas pursuant to § 46-16-105(2), MCA (1999).

¶7 In January of 2005, Schoonover moved to withdraw his no contest pleas, and filed a supporting affidavit. The State responded. Schoonover replied, attaching affidavits from three of his family members and other documents.

¶8 The District Court denied the motion. Schoonover appeals.

## STANDARD OF REVIEW

¶9 In reviewing a district court's denial of a motion to withdraw a guilty or no contest plea, we determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. We review *de novo* a trial court's determination that a plea was voluntary. *See State v. Leitheiser*, 2006 MT 70, ¶ 12, 331 Mont. 464, ¶ 12, 133 P.3d 185, ¶ 12 (citation omitted).

## DISCUSSION

¶10 *Did the District Court err in denying Schoonover's motion?*

¶11 As a threshold matter, the State argues Schoonover's motion is barred by *res judicata* due to his 2001 and 2002 appeals. The State did not raise this argument in the District Court, however. A party may not raise new arguments or change its legal theory on appeal. *State v. Ferguson*, 2005 MT 343, ¶ 38, 330 Mont. 103, ¶ 38, 126 P.3d 463, ¶ 38 (citation omitted). Thus, we decline to address this argument. On the same basis, we decline to address certain of Schoonover's assertions raised for the first time on appeal, including his contentions that counsel was ineffective in failing to move for a change of venue and that the presiding judge was biased and should have recused himself because he also presided over a child abuse and neglect proceeding concerning the alleged victim.

¶12 Section 46-16-105(2), MCA (1999), provides that, at any time before or after judgment, a court may "for good cause shown" permit a plea of guilty or nolo contendere to be withdrawn and a plea of not guilty substituted. The involuntariness of a plea constitutes "good cause" under § 46-16-105(2), MCA. *State v. Chase*, 2006 MT 13, ¶ 14, 331 Mont. 1, ¶ 14, 127 P.3d 1038, ¶ 14 (citation omitted). A plea is voluntary when a defendant understands the direct consequences of the plea; the plea is not induced by threats, misrepresentation or improper promises; and the defendant is mentally competent. *See State v. Warclub*, 2005 MT 149, ¶ 18, 327 Mont. 352, ¶ 18, 114 P.3d 254, ¶ 18; *State v. Lone Elk*, 2005 MT 56, ¶ 21, 326 Mont. 214, ¶ 21, 108 P.3d 500, ¶ 21. Other circumstances, including an established claim of ineffective assistance of counsel, may also constitute "good cause." *See State v. Favi*, 2005 MT 288, ¶¶ 16-20, 329 Mont. 273, ¶¶ 16-20, 124 P.3d 164, ¶¶ 16-20. In reviewing a district court's denial of a motion to withdraw a guilty or no contest plea, we

may analyze case-specific considerations including the adequacy of the district court's interrogation at the time the plea was entered; whether another charge was dismissed pursuant to a plea bargain; and, to the extent it reflects on the credibility of the moving party's claims in the context of the case, the timing of the motion to withdraw the plea. *See Favi*, ¶ 21 (citations omitted); *State v. Muhammad*, 2005 MT 234, ¶¶ 14, 24, 328 Mont. 397, ¶¶ 14, 24, 121 P.3d 521, ¶¶ 14, 24 (citations omitted).

¶13 Addressing Schoonover's assertions that his pleas were involuntary due to his lack of understanding, threats, false promises and the effects of Paxil, the District Court set forth excerpts from both the plea agreement and the transcript of the change of plea hearing which directly contradicted Schoonover's assertions. Regarding Schoonover's contentions that counsel advised him to perjure himself at the change of plea hearing when asked about any promises and effects of Paxil, the court reasoned his claims were unconvincing and unsubstantiated, and "if Schoonover were willing to perjure himself . . . when entering his no-contest pleas . . . his current claims . . . must also be viewed with skepticism and caution." With respect to Schoonover's contentions that his counsel misled his family members regarding a particular sentence and caused them to influence him to plead, the court determined that whatever may have transpired between counsel and Schoonover's family members was irrelevant to whether Schoonover understood the possible consequences of his pleas. Furthermore, the court concluded Schoonover had not established either prong of the *Strickland* test for ineffective assistance of counsel claims. Finally, the District Court noted the State dismissed a felony charge pursuant to the plea agreement in 2000, and Schoonover

did not move to withdraw his pleas until 2005, nearly a year and a half after the court directed him to consider doing so in 2003.

¶14 Schoonover raises only one assertion on appeal which may pertain to the District Court's order. Apparently in relation to the court's footnote citation to the Physicians' Desk Reference (PDR), Schoonover advances excerpts from the PDR describing Paxil as a psychotropic drug shown to have caused certain side effects in small percentages of clinical trial participants. Schoonover averred in the District Court that he was under the influence of Paxil when he entered his pleas, his mental state was impaired as a result and "[a]ny psychoactive drug may impair judgment, thinking or motor skills." He provided no evidence, however, that he experienced any specific effects listed in the PDR or that those effects would have impacted his ability to plead voluntarily. We decline to address Schoonover's Paxil-related contention further.

¶15 An appellant bears the burden of establishing error. *State v. Gomez*, 2007 MT 111, ¶ 33, 337 Mont. 219, ¶ 33, 158 P.3d 442, ¶ 33 (citation omitted). Because Schoonover does not otherwise address the District Court's reasoning or determinations, we conclude he has not established error in those respects.

¶16 Schoonover does raise contentions on appeal, however, that were preserved in the District Court, but not addressed in the court's order denying his motion to withdraw his pleas. We decline to address Schoonover's contentions regarding post-plea events, including sentencing-related issues and his difficulties in obtaining a sentencing transcript, because those matters are not relevant to the circumstances leading up to his no contest pleas.

6

Instead, we focus on Schoonover's properly preserved and unaddressed contentions pertaining to the time before and during his entry of the pleas.

¶17　First, Schoonover observes he reported certain symptoms during his psychological evaluation, which occurred approximately seven months before he entered his no contest pleas, and the evaluator was biased in considering materials pertaining to the charges against him. Schoonover does not articulate the precise nature of the evaluator's bias or any effects of the alleged bias on his subsequent entry of the no contest pleas. In any event, it appears the evaluator prescribed Paxil to address the symptoms Schoonover had reported. We conclude Schoonover has not established any aspect of his psychological evaluation which constitutes a basis for withdrawing his no contest pleas.

¶18　Schoonover next argues that his counsel had a conflict of interest. He contends Larry D. Mansch took over his representation before he entered his no contest pleas upon discovery that J. Dirk Becarri, Schoonover's originally appointed counsel and another attorney in Mansch's firm, was acting as guardian ad litem in the child abuse and neglect proceeding involving the alleged victim. Schoonover maintains the District Court was required to appoint him an attorney from a different firm, rather than appointing different counsel to act as the victim's guardian ad litem.

¶19　A person claiming ineffective assistance of counsel based on an asserted conflict of interest compromising counsel's loyalty must establish that counsel actively represented conflicting interests, and an actual conflict of interest adversely affected counsel's performance. *State v. Smerker,* 2006 MT 117, ¶ 25, 332 Mont. 221, ¶ 25, 136 P.3d 543, ¶ 25

(citation omitted). While Mansch's representation included the time leading up to Schoonover's no contest pleas, Schoonover's assertions of compromised loyalty or bias relate to Mansch's actions and omissions during sentencing and appellate proceedings, after the no contest pleas. As discussed above, post-plea occurrences are not relevant here. We decline to address the asserted conflict further.

¶20　Schoonover also reasserts here, as he did in the District Court, that Mansch failed to move for dismissal of the charges against him based on violation of his constitutional right to a speedy trial. In essence, he asserts this failure constitutes ineffective assistance of counsel. The District Court did not address this ineffective assistance claim.

¶21　We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and, in the context of a guilty or no contest plea, we require a showing that absent counsel's deficient performance, the defendant would not have entered the plea. *See State v. Henderson*, 2004 MT 173, ¶¶ 5, 9, 322 Mont. 69, ¶¶ 5, 9, 93 P.3d 1231, ¶¶ 5, 9 (citations omitted). Schoonover has not established that Mansch's failure to file a speedy trial motion constituted unreasonable professional assistance, or that he would not have entered the no contest pleas if the motion had been filed. We conclude Schoonover has not established ineffective assistance of counsel.

¶22　We hold the District Court did not err in denying Schoonover's motion to withdraw his no contest pleas.

¶23　Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART