FILED

December 28 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0193

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 444N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

BRIAN VINCENT RISK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 08-355
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Eli M. Parker; Office of the State Public Defender,
Missoula, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Shawn P. Thomas,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  December 10, 2009

Decided:  December 28, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      In August, 2008, Risk was charged with DUI, fourth offense, which is a felony under Montana law.  Section 61-8-731, MCA.  Risk moved to dismiss the charge, arguing that his first conviction for DUI in 1998 was constitutionally infirm and could therefore not be counted.  The District Court of the Fourth Judicial District denied the motion and Risk appeals.   We affirm.

¶3      Risk was 16 years old at the time of the disputed first DUI conviction in 1998. He contends that he was not properly afforded his constitutional right to counsel at that time, and therefore the conviction cannot be used to enhance his 2008 charge to a felony.  A constitutionally infirm prior conviction may not be used to enhance a subsequent offense to a felony.  *State v. Smerker*, 2006 MT 117, ¶ 36, 332 Mont. 221, 136 P.3d 543.   Prior convictions are presumed to be valid and the person challenging the validity of a prior conviction must present "direct evidence of irregularity in the prior proceeding."  *Smerker*, ¶ 36.   If such evidence is presented, the State has the burden to prove by a

preponderance of the evidence that the prior conviction was properly obtained. *Smerker,* ¶ 36.

¶4 Risk contends that in 1998 he did not understand that he had the right to be represented by an attorney in connection with the first DUI charge. He filed an affidavit in District Court stating that he was not informed of his right to counsel in 1998, but also acknowledging that he signed a form captioned "Waiver of Right to Attorney." The State points out that the waiver form stated that Risk's signature: "indicates that the Judge has told me the following: 1. I have the right to an attorney. . . . 3. I have the right to talk to an attorney before I enter a plea to the charge(s) against me." The form further states that Risk decided that: "1. I do **not** want an attorney. 2. I give up my right to have an attorney. 3. I wish to enter a plea to the charge(s) against me." (Emphasis original.) Risk's signature and the date appear below all of the quoted language.

¶5 Risk argues that the form was contradictory and confusing because the Justice of the Peace had crossed out two other statements that indicated that an attorney would be appointed for an indigent, and that jail time "can and probably will" result from a guilty plea. The JP crossed out these provisions because Risk was a minor and because he could not be sentenced to jail for the first offense of DUI. Risk concedes on appeal that he was not entitled to have court-appointed counsel at the time of the 1998 charge, and that the JP form correctly states that he had the right to an attorney and the right to consult with an attorney before entering a plea.

¶6 Nevertheless, Risk contends that the JP form was "confusing, self-contradictory and ineffective." We disagree. The JP crossed out the inapplicable provisions and

thereby clarified the form rather than making it confusing. The waiver form here is materially different from the one this Court found to be contradictory and confusing in *State v. Mann*, 2006 MT 33, 331 Mont. 137, 130 P.3d 164, and that case does not support Risk's arguments. The waiver form given to Risk made it clear that he had "the right to an attorney," and he signed it just below the affirmation that he did "**<u>not</u>**" want an attorney. The 1998 conviction is presumed to be valid, and the State has met any burden it had to demonstrate its validity. Despite Risk's contention a decade later that he did not understand the situation at the time, the District Court properly concluded that the 1998 conviction was not constitutionally infirm.

¶7     Risk also contends that an attorney should have been appointed for him under the version of § 46-8-101, MCA, in effect in 1998. Under subsection (3)(c), since repealed, the court at an initial appearance had the discretion to appoint counsel in "the interests of justice." Risk points to no material factors other than his age (16) at the time to demonstrate that the interests of justice required appointing an attorney for him. We find no abuse of discretion.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶9     Affirmed.


/S/ MIKE McGRATH

4

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS