FILED

May 26 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0595

DA 14-0595

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 145N

CITY OF BILLINGS,

       Plaintiff and Appellee,

    v.

ROBERT JOHN OPIE,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 14-236
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robert John Opie, self-represented, Billings, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman, Assistant Attorney General, Helena, Montana

      Brent Brooks, Billings City Attorney, Stacy R. Tenney, Assistant City Attorney, Billings, Montana


              Submitted on Briefs:  April 22, 2015
                       Decided:  May 26, 2015

Filed:

                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert John Opie (Opie) appeals pro se from an order of the Thirteenth Judicial District Court, Yellowstone County, affirming his conviction for driving under the influence (DUI) in the Billings Municipal Court. We affirm.

¶3 On July 17, 2013, Opie was driving his vehicle in Billings when he bumped into another vehicle at a stop light. Officers Wooley and Nichols were dispatched to the area. Upon arriving at the scene, the officers observed Opie walk into a nearby gas station, and Officer Wooley made contact with him. Officer Wooley smelled alcohol coming from Opie's breath and noticed he was slurring his speech. Based on his observations, Officer Wooley administrated a Preliminary Breath Test (PBT) with Opie's consent. Opie's PBT sample indicated an estimated blood alcohol concentration (BAC) of 0.100 percent. While Officer Wooley administered the PBT, Officer Nichols photographed the scene. Officer Nichols noted minor damage to Opie's vehicle, and no damage to the other vehicle. The photographs taken by Officer Nichols were lost.

¶4 Officer Wooley arrested Opie for DUI and transported him to the Yellowstone County Detention Facility (YCDF). The officers failed to restrain Opie with a seatbelt in

2

the patrol car, and near the YCDF Opie fell over in the backseat. After arriving at the YCDF, Opie consented to a breath test, revealing a BAC of 0.070 percent. When Officer Wooley informed Opie of the results, Opie asked, "Now a blood test, right?", to which Officer Wooley replied "Nope." Soon after being released from the YCDF, Opie checked himself into the Billings Clinic Hospital, complaining his glucose levels were high. The hospital administered a urinalysis test and started Opie on a saline IV.

¶5 The City charged Opie by information with DUI and a Billings Municipal Court jury convicted him. Opie appealed the jury's verdict to the District Court, and the court affirmed Opie's conviction. This appeal ensued.

¶6 On appeal, Opie first argues the City violated his constitutional right to obtain exculpatory evidence by (1) tampering with video recordings taken of him at the YCDF, (2) destroying his medical records, and (3) failing to preserve the photographs of the accident. It is well established that a "criminal defendant has a constitutional right to obtain exculpatory evidence and a denial of this right is a violation of due process." *State v. Meredith*, 2010 MT 27, ¶ 25, 355 Mont. 148, 226 P.3d 571. In order to demonstrate a violation of the right to exculpatory evidence, the defendant bears the burden of establishing: (1) the prosecution possessed evidence favorable to the defense; (2) the defendant did not possess the evidence nor could he have obtained it with reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed, a reasonable probability exists that the outcome of the

3

proceeding would have been different. *State v. Seiffert*, 2010 MT 169, ¶ 14, 357 Mont. 188, 237 P.3d 669.

¶7 We conclude that Opie has not met his burden to demonstrate a constitutional violation. Opie did not introduce any evidence indicating the City tampered with the video recordings, and, though he complains the City destroyed his medical records, he makes no showing that the City possessed the records. With respect to the photographs of the accident, the City concedes they were lost. However, even if the photographs showed, as Opie contends, that there was no damage to either vehicle, their exculpatory value is minimal. The extent of the damage sustained to the vehicles was never in dispute at trial. Both parties agreed the accident was minor. Therefore, had the photographs been preserved and introduced at trial, there is not a reasonable probability that the outcome of the proceeding would have been different. Accordingly, the City did not violate Opie's constitutional right to obtain exculpatory evidence.

¶8 Next, Opie argues the City violated his right to an independent blood test. We have held that a defendant accused of DUI has "the right to obtain an independent test to determine the accused's BAC." *State v. Smerker*, 2006 MT 117, ¶ 16, 332 Mont. 221, 136 P.3d 543. If a defendant alleges his right has been violated the defendant "must establish both that the defendant timely requested the independent test and that the arresting officer unreasonably impeded the right to the test." *Smerker*, ¶ 16.

¶9 Here, Opie failed to establish that he requested an independent blood test. Opie contends that he "thought he was asking for a blood test when he asked Officer Wooley,

4

'Now a blood test right?'" However, Officer Wooley testified at trial that he believed Opie's question was not such a request, but instead was in reference to the implied consent form, which provides that the officer "may" request that the defendant take a blood test after requesting a breath test. Opie had an opportunity to clarify his question and make a clear request while at the YCDF, but failed to do so. Following the short exchange with Officer Wooley, Opie remained in the YCDF for nearly three hours, without ever demanding or intimating that he desired a blood test. We conclude under these facts that the City did not violate Opie's right to obtain an independent test.

¶10 Lastly, Opie argues Officer Wooley committed perjury when he testified that there was no written policy requiring an officer to restrain an occupant in the back of a police vehicle. Opie does not explain the bearing of Officer Wooley's alleged perjury on his criminal appeal. It is not this Court's obligation to "formulate arguments for a party in support of positions taken on appeal." *Cutler v. Jim Gilman Excavating, Inc.,* 2003 MT 314, ¶ 22, 318 Mont. 255, 80 P.3d 1203. Nonetheless, there is no evidence in the record showing Officer Wooley's testimony was untrue in any respect. We conclude Officer Wooley's testimony did not improperly contribute to Opie's conviction.[1]

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of

---

[1] Opie also advances two additional arguments that were not raised before the District Court. Because Opie raises those arguments for the first time on appeal we do not address them. *See Pilgeram v. Greenpoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 20, 373 Mont. 1, 313 P.3d 839.

the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT